**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  19-CR-280 (GMH) |
| | : | |
| v. | : | |
| | : | |
| GERRY ANDERSON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant Gerry Anderson, and in support thereof, submits this memorandum providing an overview of the investigation which led to the August 21, 2019 arrest of the defendant for narcotics charges.  In support thereof, we submit as follows:

**I.      PROCEDURAL BACKGROUND**

On August 20, 2019, a grand jury sitting in the United States District Court for the District of Columbia returned an eight-count indictment in this case.  The government intends to rely on the indictment for probable cause and to proceed at the detention hearing by way of proffer.  The defendant has been indicted on five counts of Unlawful Distribution of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and three counts of Unlawful Distribution of 28 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). The following day, the defendant was arrested and had an initial appearance before Magistrate Judge Deborah A. Robinson, at which time he was held without bond pursuant to 18 U.S.C. §§ 3142 (f)(1)(C) and (f)(1)(D), pending a detention hearing scheduled for August 26, 2019.

1

## II.     LEGAL AUTHORITY

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).  The parties may proceed by way of proffer and hearsay is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).  Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."  United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992).  A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

The defendant is subject to a rebuttable presumption in this case.  The defendant is charged with five counts of Unlawful Distribution of Cocaine Base, and three counts of Distribution of More than 28 Grams of Cocaine Base, offenses which are punishable by more than ten years under the Controlled Substances Act, 21 United States Code et. seq.  Section 3142(e)(3)(A) provides that, subject to rebuttal by the person, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act…".  The defendant cannot overcome this presumption.  Upon conviction, 21 U.S.C §§ (a)(1) and (b)(1)(B)(iii) carries a mandatory minimum of five years imprisonment.

The indictment, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community." Smith, supra, 79 F.3d at 1210; accord United States v. Williams, 811 F. Supp.2d 274, 276 n.2 and 277 (D.D.C. 2011) (citing Smith and United States v. Carter, 802 F. Supp.2d 180, 182 (D.D.C. 2011)).  Relying on the legislative history of this provision, the District of Columbia Circuit Court has observed that the rebuttable presumption covering serious drug trafficking offenses was included because of the "significant risk of pretrial recidivism" among persons charged with major drug felonies. United States v. Alatishe, 768 F.2d 364, 370 n.13 (D.C. Cir. 1985) (citing S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. & Admin. News 1984, p. 3203)).  When the rebuttable presumption of Title 18, United States Code, Section 3142(e) is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." Id. at 371.

The Bail Reform Act Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer ***shall order*** the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added).  Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or

involves a narcotic drug, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. § 3142(e). A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987); Alatishe, supra, 768 F.2d at 370. As the legislative history of the statute reflects, the risk that a defendant will continue to engage in drug dealing if released, in itself, constitutes a danger to the community:

> The committee intends that the concern about safety be given a broader construction than merely danger of harm involving violence. . . . The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, at 3195-3196.

In this case, because probable cause has been established that the defendant distributed cocaine base, the statutory presumption favoring detention applies and operates to compel the defendant's pre-trial detention, unless and until the defendant presents evidence in rebuttal. Even when a defendant presents evidence to attempt rebuttal of a presumption, the presumption "remains a factor for consideration by the district court in determining whether to release or detain."

Additionally, the government may request detention in any case involving a drug crime punishable by more than ten years, per Section 3142(f)(1)(C), and when a defendant has two or more prior serious drug felony convictions, per Section 3142(f)(1)(D). Each of these sections are applicable to the defendant's actions in this case and the defendant should be detained.

### III. FACTUAL BACKGROUND

Between November 7, 2018, and March 1, 2019, the defendant sold eight separate packages of cocaine base to an undercover Metropolitan Police Department (MPD) officer on eight different occasions. Each of those transactions was recorded on a surveillance video. Following each transaction, the cocaine base purchased from the defendant was weighed and field-tested. Three of the packages weighed more than twenty-eight grams, and the contents of all eight packages field tested positive for cocaine base. The defendant sold a total of approximately 267 grams of cocaine base to the undercover officers during these eight transactions.

During several of these transactions, the defendant mentioned personally owning a firearm, being connected to firearms dealers, and agreed to try to find a small firearm for one of the undercover officers. Although the defendant never produced a firearm during any of these transactions, during a post-arrest interview he admitted that he did in fact own a firearm which could be found in his car. He then gave the arresting agents permission to search that car. During a search of the defendant's vehicle, agents recovered a loaded firearm.

### IV. DEFENDANT'S CRIMINAL HISTORY

The defendant has a lengthy criminal history which includes two prior felony convictions for attempted distribution of PCP. He was also previously convicted of second degree theft,

attempted possession of PCP, concealing a deadly weapon in Maryland, and possessing cocaine on two separate occasions.

## V. ARGUMENT

All four factors that the court is to consider under 18 U.S.C. § 3142(g) favor detention in this case.

First, as to the nature and circumstances of the offenses charged, the defendant sold a total of approximately 267 grams of cocaine base to undercover officers over the course of eight separate transactions. During several of those transactions he discussed his ability to obtain a firearm for one of the officers, and even admitted to owning a firearm himself. In fact, once the defendant was arrested, he again admitted to possessing a firearm which was later recovered from his vehicle and loaded with ammunition. The defendant put himself and the community in danger when he chose to carry a loaded firearm in his vehicle and sell a large quantity of cocaine base to undercover officers.

As to the second factor, the weight of the evidence against the person, the government would assert that there is very strong evidence in this case. All of the eight drug transactions that occurred in this case were recorded on surveillance video. In each video, you can clearly see the defendant's face and the drugs that he sold to the undercover officer. You can also hear the defendant discuss his ability to procure firearms and offer to do so for the undercover officer. Furthermore, during a post-arrest interview, the defendant admitted to selling cocaine base to undercover officers.

The third factor, the history and characteristics of the person, also favors detention. The

majority of the defendant's criminal history involves possessing or attempting to distribute narcotics. To be exact, the defendant has five separate drug related convictions. Rather than ceasing to engage in drug related activity following his last conviction, the evidence indicates the defendant is continuing to do so.

Finally, the government asserts that the nature and seriousness of the danger to the community that would be posed by the defendant's release is simply too great in this case. The defendant is continuing to sell illegal narcotics in the community and riding around with a loaded firearm in his vehicle. A rebuttable presumption applies and the defendant has not overcome that presumption.

The government reserves the right to, and will make, further arguments at the detention hearing. The government respectfully requests this Court to find, by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably assure the safety of the community. This Court should order that Gerry Anderson be held without bond during the pendency of this case to ensure his appearance as required and to protect the safety of any other person and the community from the defendant.

**WHEREFORE**, we respectfully request that the Court issue an Order granting the government's motion that Gerry Anderson be held without bond.

>Respectfully submitted,
>JESSIE K. LIU
>UNITED STATES ATTORNEY
>D.C. Bar No. 472845
>
>
>By:   */s/ Nicole Battle*
>Nicole Battle
>N.Y. Bar
>Assistant United States Attorney
>555 4th Street, N.W., Fourth Floor
>Washington, D.C. 20530
>202-252-6978
>Nicole.battle@usdoj.gov