UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Crim. No. 19-CR-280 (TNM) |
| | : | |
| v. | : | |
| | : | |
| **GERRY ANDERSON** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of 46 months of incarceration, to be followed by four years of supervised release. The government is not requesting any fines or restitution in this case, other than required court costs. In support of this sentence, the government states the following.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2019, a grand jury sitting in the United States District Court for the District of Columbia returned an eight-count indictment in this case. The defendant was indicted on five counts of Unlawful Distribution of Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and three counts of Unlawful Distribution of 28 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

The charges stemmed from a series of eight drug transactions that the defendant engaged in with an undercover Metropolitan Police Department (MPD) officer over the course of several

1

months. Specifically, between November 7, 2018, and March 1, 2019, the defendant sold eight separate packages of cocaine base to an undercover MPD officer on eight different occasions. Each of those transactions was recorded on a surveillance video. Three of those packages weighed more than twenty-eight grams, and the contents of all eight packages tested positive for cocaine base. The defendant sold a total of approximately 267 grams of cocaine base to the undercover officers during these eight transactions.

Furthermore, during several of these transactions, the defendant mentioned personally owning a firearm, being connected to firearms dealers, and agreed to try to find a small firearm for one of the undercover officers. Although the defendant never produced a firearm during any of these transactions, during a post-arrest interview he admitted that he did in fact own a firearm which could be found in his car. He then gave the arresting agents permission to search that car, and during that search, agents recovered a loaded firearm.

On October 23, 2019, the government filed a two-count Superseding Information charging the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Unlawful Distribution of 28 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii) (ECF No. 11). The following day, the defendant plead guilty to the two counts charged in the Superseding Information.

**DISCUSSION AND RECOMMENDATION**

**I.     Generally Applicable Legal Principles**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  See United States v. Gall, 128 S. Ct. 586, 596 (2007).  The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>       (i) issued by the Sentencing Commission ...; and
>       (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
>    (A) issued by the Sentencing Commission ... and
>    (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

3

**II.     Defendant's Sentencing Guidelines Calculation**

    **A.     Total Offense Level**

The base offense level for a violation of 18 U.S.C. § 922(g)(1) is governed by U.S.S.G. § 2K2.1. Here, the base offense level for this count is 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A). *See* PSR ¶ 21. The base offense level for a violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(B)(iii), involving more than 196 grams but less than 280 grams of cocaine base is 28. U.S.S.G. §§ 2D1.1(a)(5) and (c)(6). *See* PSR ¶ 28. Pursuant to U.S.S.G. §§ 3D1.1 and 3D1.2, these offenses do not group since they involve separate transactions, harms and schemes and plans. Thus, the combined base offense level for these offenses is 28. The defendant meets the criteria set forth in U.S.S.G § 5C1.2(a)(1)-(5). Therefore, pursuant to U.S.S.G § 2D1.1(b)(18), the offense level is decreased by two, resulting in an adjusted subtotal offense level of 26. *See* PSR ¶ 18, 32. This offense level is further reduced by three levels due to the defendant's acceptance of responsibility in this case, resulting in a total adjusted offense level of 23. U.S.S.G. §§ 3E1.1(a) and (b). *See* PSR ¶¶ 38-40.

    **B.     Criminal History Category**

Based on his prior convictions, Defendant has zero criminal history points, resulting in a criminal history category of I. *See* PSR ¶ 49. Below is a list of the defendant's previous convictions and points attributable to them.

- 2003 FEL 8007 – Possession of Cocaine — 0 points
- 2000 CMD 10267 – Possession of Cocaine — 0 points
- 1997 CMD 17722 – Second Degree Theft — 0 points
- 1990 FEL 1167 – Attempt Distribution of PCP — 0 points
- 1989 CMD 9840 – Attempt Possession of PCP — 0 points
- 1987 FEL 4357 – Attempt Distribution of PCP — 0 points
- 1987 District Court, Forestville, MD Conceal Deadly Weapon — 0 points

### C. Sentencing Guideline Range

Based upon an offense level of 23 and a Criminal History Category I, the sentencing guidelines range is 46 to 57 months. The minimum term of imprisonment for count two is five years; however, because the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the court may disregard the statutory minimum sentence, and instead impose a guideline compliant sentence. *See* PSR ¶¶ 98-99 (citing U.S.S.G. § 5C1.2(a)).

The Court may impose a term of supervised release of not more than three years as to count one. 18 U.S.C. § 3583(b)(2); *see* PSR ¶ 105. However, as to count two, the Court must impose a term of supervised release of at least four years. 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); *see* PSR ¶. 106. The guideline range for a term of supervised release is one to three years as to count one, and two to five years as to count two. *See* PSR ¶¶ 108-109 (citing U.S.S.G. §§ 5D1.2(a)(1) and (a)(2)).

### III. Sentencing Recommendation

As stated above, the government requests a sentence of 46 months of incarceration, to be followed by four years of supervised release.

### A. The Nature of the Offense

Although the circumstances of this offense are simple, they are also concerning and serious in nature. Over the course of five months, the defendant engaged in eight separate drug transactions during which time he sold approximately 267 total grams of crack cocaine, an extremely addictive drug, to an undercover officer that he assumed was just an average citizen.

Even more troubling is that during several of these transactions, the defendant discussed his ability and willingness to find a firearm for one of the undercover officers. Although the defendant never produced a firearm during any of these transactions, he did in fact own a firearm,

5

and carried that loaded firearm in his car. This not only posed a danger to the defendant, but to the community as well.

### B.   The History and Characteristics of the Defendant

Since the age of thirteen, the defendant appears to have incurred 18 arrests for a variety of offenses.[1] Ten of those arrests involved narcotics, five of which resulted in adult convictions. However, despite these prior incidents, the defendant does not seem to have been deterred from continuing his course of conduct.  Nor does the fact that he himself suffered from an extensive history of drug addiction spanning more than three decades.  As such, the government is concerned that, absent a sentence of imprisonment in this case, the defendant will continue down the same dangerous path going forward.

To the defendant's credit, he has maintained a lengthy history of employment (PSR ¶¶ 57-63). What is concerning, however, is that despite having gainful employment, and at least one prior drug relapse that caused the defendant and his girlfriend to "lose everything," (PSR ¶ 67), the defendant repeatedly puts himself and others at risk of relapse and addiction by continuously choosing to sell dangerous narcotics.

### C.   The Need for the Sentence Imposed

The government respectfully requests a sentence of 46 months, to be followed by four years of supervised release.  Given the fact that the defendant appears to have been previously undeterred by prior arrests, convictions and personal struggles with drug addiction, a prison sentence within the guidelines range is warranted here in order to reflect the seriousness of the offenses, to promote respect for the law, to provide adequate deterrence, and to protect the public.  *See* 18 U.S.C. § 3553(a)(2).  Such a sentence is also necessary to avoid unwarranted sentence disparities among

---

[1] The government would also call the Court's attention to the matters listed in paragraphs 50-56 of the PSR.

defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a)(6).

## IV.     Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to a sentence of 46 total months of incarceration, to be followed by a term of four years of supervised release.

                                      Respectfully submitted,
                                      TIMOTHY J. SHEA
                                      UNITED STATES ATTORNEY

By:

                                      _____/s/__*Nicole Battle*____
                                      Nicole Battle
                                      N.Y. Bar 5256227
                                      Steven Wasserman
                                      D.C. 453251
                                      Assistant United States Attorneys
                                      District of Columbia
                                      Violent Crimes & Narcotics Trafficking Section
                                      555 4th Street, NW, Room 4836
                                      Washington, DC 20530
                                      (202) 252-6978 (Battle)
                                      (202) 252-7719 (Wasserman)
                                      nicole.battle@usdoj.gov
                                      steve.wasserman@usdoj.gov